J-S23043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES PACK | : | |
| | : | |
| Appellant | : | No. 2727 EDA 2023 |

Appeal from the PCRA Order Entered October 3, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001361-2008

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:       **FILED DECEMBER 24, 2024**

Appellant Charles Pack appeals *pro se* from the order dismissing, as untimely filed, his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In our decision reviewing Appellant's first PCRA petition, this Court offered the following summary of the underlying facts:

> On December 22, 2005, two men forced their way into an Allentown apartment shared by Benjamin Luck and his girlfriend Elinette Nieves. Mr. Luck and Ms. Nieves, along with Debra Schlegel, were present in the apartment that evening. One of the intruders shot Mr. Luck in the head twice. Ms. Schlegel testified that she heard three shots. One of the intruders was injured while inside of the apartment, leaving a trail of blood leading through the apartment's kitchen, out the door, and down a walkway to the street. A DNA test later confirmed that the trail of blood was Appellant's. While interviewing Appellant, detectives noticed his injured hand. Appellant initially told them that he injured it while

_____

[*] Retired Senior Judge assigned to the Superior Court.

changing a tire. The detectives photographed Appellant's injury, because they believed it would explain the trail of blood at the crime scene. The detectives later interviewed Appellant a second time. During this interview, the detectives told Appellant his DNA had been found at the crime scene, and that they had been informed Appellant had been shot. According to one of the detectives, Appellant became agitated and said he knew they were going to find that out.

*Commonwealth v. Pack*, 1340 EDA 2015, at *1 (Pa. Super. filed Sept. 16, 2016) (unpublished memorandum).

On May 17, 2010, a jury convicted Appellant of one count each of murder of the second degree, burglary, robbery and two counts of criminal conspiracy.[1] On June 22, 2010, the trial court sentenced Appellant to serve a mandatory term of life imprisonment for his second-degree murder conviction and a consecutive aggregate term of thirty-two and one-half years to eighty years imprisonment on the remaining charges. On direct appeal, this Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on September 19, 2012. ***See Commonwealth v. Pack***, 2373 EDA 2010, 43 A.3d 516, (Pa. Super. filed Jan. 10, 2012) (unpublished memorandum), *appeal denied*, 53 A.3d 757, 2012 WL 4666351 (Pa. filed Sept, 19, 2012).

On December 27, 2013, Appellant filed a *pro se* PCRA petition. After the PCRA court determined that the petition was timely pursuant to the prisoner mailbox rule, appointed counsel filed two amended petitions. The

---

[1] 18 Pa.C.S. §§ 2501(a), 3502(a), 3701(a)(1)(i), and 903.

PCRA court denied Appellant's first PCRA petition on April 24, 2015. We affirmed the decision of the PCRA court, and our Supreme Court denied his petition for allowance of appeal on March 8, 2017. *See Commonwealth v. Pack*, 1340 EDA 2015, 2016 WL 4978403 (Pa. Super. filed Sept 16, 2016) (unpublished memorandum), *appeal denied*, 167 A.3d 714, 2017 WL 924508 (Pa. March 8, 2017).

On February 21, 2023, Appellant filed the instant *pro se* PCRA petition. He subsequently filed an amendment to the petition on July 21, 2023, and on August 8, 2023, he filed a motion seeking permission to add a claim to the amended PCRA petition. On September 1, 2023, the PCRA court issued, under Pa.R.Crim.P. 907, notice of its intent to dismiss the petition as untimely filed. Having not received a response to its Rule 907 notice, on October 3, 2023, the PCRA court filed an order denying the PCRA petition and dismissing as moot Appellant's motion that sought permission to add a claim. This timely appeal followed.

Appellant presents the following issues for our consideration:

I. Whether Appellant's response to PCRA Court was deemed filed when he delivered his reply to the prison authorities for mailing and not when the court received the response pursuant to *Commonwealth v. Jones*, 549 Pa. 58 (Pa. 1997). The "prison mailbox rule" applied because Appellant was acting pro se and was incarcerated when he filed the (20) day response.

II. Whether failure of the PCRA Court to conclude that the Appellant's discovery found under the Right-to-Know (RTK) wasn't more than reasonable for an agreement or understanding to qualify as *Brady* material violated his rights under the Fourteenth Amendment. to the U.S. Constitution and Art. I sec. 9 & 10 of the

- 3 -

Pennsylvania Constitution pursuant to **_Commonwealth v. Bagnall_**, 661 Pa. 1.23 (Pa. 2020)

Appellant's Brief at 3 (suggested answers omitted).

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **_See Commonwealth v. Phillips_**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **_See id_**.

As a prefatory matter, we begin by observing that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review of the record reflects that Appellant's judgment of sentence became final on December 18, 2012, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. **See**

42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. To be timely, Appellant needed to file the instant PCRA petition on or before December 18, 2013. Appellant did not file this PCRA petition until February 21, 2023. Accordingly, this *pro se* PCRA petition is patently untimely, and we lack jurisdiction to consider its merits unless Appellant pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1). A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

Appellant raised the "newly discovered facts" and "government interference" exceptions to the PCRA's one-year time bar in his petition. **See** PCRA Petition, 2/21/23, at 3; 42 Pa.C.S. § 9545(b)(1)(i)-(ii).[2] The PCRA court found that, upon consideration of the allegations in Appellant's various filings,

_____

[2] Appellant's amendment to the petition also contains allegations concerning the newly discovered fact exception, Amendment to PCRA Petition, 7/21/23, at 1-2 (unnumbered), while his subsequent motion for permission to add a claim to his PCRA petition does not address the exceptions to the PCRA's time bar.

- 5 -

he had not satisfied either of these exceptions. *See* PCRA Court Rule 907 Notice, 9/1/23, at 2 n.1. On appeal, Appellant avers that the lower court erred in finding that he had not satisfied the newly discovered facts exception of Section 9545(b)(1)(ii), arguing that his August 2022 discovery of the possible agreement for lenience between the Commonwealth and witness Elinette Nieves through a the Right-to-Know Law request met that exception. *See* Appellant's Brief at 10-14. Appellant concludes Ms. Nieves's criminal record, in conjunction with an interview Allentown Police detectives conducted with Ms. Nieves on March 21, 2006, evinces the existence of a promise between the Commonwealth and Ms. Nieves for leniency in her plea deal in exchange for her testimony. Appellant baldly asserts that the Commonwealth's failure to disclose the alleged agreement amounts to a *Brady* violation.[3]

We cannot ignore that Appellant was required to exercise due diligence in obtaining the information that forms the basis for his PCRA petition. This issue was addressed by our Supreme Court in *Commonwealth v. Stokes*, 959 A.2d 306 (Pa. 2008). In *Stokes*, the appellant was convicted of three counts of first-degree murder and related charges in 1983. The appellant then filed a timely direct appeal and a timely PCRA petition, which were unsuccessful.

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

In February of 2004, the appellant in **Stokes** initiated federal habeas corpus proceedings and obtained files from the United States Postal Service and the Philadelphia Police Department. He then filed a second PCRA petition alleging a **Brady** violation, in that the Commonwealth failed to disclose documents in the files, which contained exculpatory evidence. The appellant in **Stokes** claimed that he satisfied the newly discovered facts and government interference exceptions to the PCRA's timeliness requirements. The PCRA court found the PCRA petition to be untimely and denied his petition without a hearing, and our Supreme Court ultimately affirmed on appeal.

In reaching its decision, our Supreme Court held that both exceptions mandate compliance with the time constraints set forth at Section 9545(b)(2), which "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, desp ite the exercise of due diligence." **Stokes**, 959 A.2d at 310. Accordingly, the proper questions with respect to timeliness in **Stokes** were "whether the government interfered with [the a]ppellant's access to the […] files, and whether [the a]ppellant was duly diligent in seeking those files." **Id**.

The Court in **Stokes** concluded the record established the appellant had been aware of the existence of the files prior to seeking them, and he did not claim the Commonwealth prevented him from accessing the files earlier. Since Stokes was aware of the existence of the files prior to filing his PCRA petition, and he did not explain why he did not seek them earlier, he failed to

satisfy the due diligence requirement of the time constraints set forth at Section 9545(b)(1)(ii). **Stokes**, 959 A.2d at 311.

In addressing Appellant's attempt to invoke the newly discovered facts exception to the timeliness requirements of the PCRA, the PCRA court offered the following:

> The "unknown facts" exception allows an untimely petition if the defendant can prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Here, [Appellant] has failed to show when he first became aware of the alleged plea deal or why he could not have discovered the alleged plea deal sooner with the exercise of due diligence. This claim [] fails.

PCRA Court Rule 907 Notice, 9/1/23, at 2 n.1.

Likewise, our review of the record reflects that Appellant did not lack knowledge of, nor was he obstructed in obtaining Ms. Nieves's criminal records, which were the subject of a request under the Right-to-Know Law, which he made in 2022. The State Police certified "Request for Criminal Record Check" disclosed that Ms. Nieves was arrested on drug related charges in 2006 and was ultimately sentenced on the charges in 2007. **See** PCRA Petition, 2/21/23, at Exhibit B. It is undisputed that Appellant was tried in 2010 for the crimes that were committed in 2005. Indeed, at Appellant's 2010 trial, defense counsel cross-examined Ms. Nieves concerning her criminal history, the fact that she pled guilty to drug charges, the sentence she received, and the amount of time that she served. **See** N.T., 5/12/10, at 29-

30. Consequently, Appellant has failed to establish that Ms. Nieves's criminal record could be the basis of previously unknown facts.

Additionally, Appellant does not offer an explanation concerning why he did not investigate or seek production of Ms. Nieves's criminal records prior to the filing of the August 2022 Right-to-Know Request Form that served as the basis for the instant PCRA petition. In fact, Appellant has not offered any explanation regarding why he could not have obtained the information earlier using reasonable efforts. Accordingly, we conclude that Appellant has failed to establish that the information he relied upon in filing his PCRA petition could not have been obtained earlier by the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii); *Stokes*, 959 A.2d at 310.

Appellant also argues in this appeal that the PCRA court erred in failing to accept his response to the court's September 1, 2023 Rule 907 notice that reflected the court's intent to dismiss the PCRA petition as untimely filed. *See* Appellant's Brief at 8-10. Appellant contends that he timely responded to the Rule 907 notice on September 10, 2023 and he appended to his appellate brief copies of Department of Corrections "Cash Slips" that reflect a request that items be mailed to the District Attorney and the Lehigh County Courthouse to document his compliance with the prisoner mailbox rule. *Id.* at 9, Exhibit A. Appellant asserts that, in his response to the Rule 907 notice, he "sought to establish, that he has satisfied the exception contained in § 9545(b)[(1)(ii).]" *Id.* at 9.

While cash slips from prison authorities may serve to provide reasonably verifiable evidence of the date an inmate sought to mail a court filing for purposes of the prisoner mailbox rule, *see Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997), the PCRA court indicated that it "never received a response" to its Rule 907 notice, whether timely or untimely filed, "nor has one been docketed" in the lower court. PCRA Court Rule 1925(a) Order, 1/8/24, at 1 n.1. Our review of the certified record supports the PCRA court's determination that a response to the Rule 907 notice has not been filed nor docketed in the Court of Common Pleas. Moreover, we note that, although Appellant attached a copy of the cash slips to his appellate brief, he did not also attach a copy of his Rule 907 response to his brief. Consequently, we cannot find that the PCRA court erred in failing to consider Appellant's arguments concerning the timeliness of his PCRA petition contained in his response to the Rule 907 notice, when that document has never been made a part of the record in these proceedings.

Appellant has not carried his burden to properly plead and prove the applicability of one of the timeliness exceptions to the PCRA. Consequently, the PCRA court did not commit any error in dismissing Appellant's petition as untimely. Therefore, this Court has no jurisdiction to address the merits of Appellant's claims. *See Robinson,* 837 A.2d at 1161 .

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024